FILED

OCT 15 2025

Clerk of the Appellate Courts
REc'd By _____

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE
Assigned on Briefs July 16, 2025

## BELINDA LEMAIRE v. LOWE'S HOME CENTERS, LLC

**Appeal from the Workers' Compensation Appeals Board
Court of Workers' Compensation Claims
No. 2021-05-0969   Thomas Wyatt, Judge**

_____

### No. M2025-00128-SC-R3-WC – Mailed September 5, 2025

_____

Belinda LeMaire ("Employee") sustained an injury to her right foot while working for Lowe's Home Centers, LLC ("Employer"). The claim was accepted as compensable, and the Court of Workers' Compensation Claims ("trial court") entered a compensation order awarding permanent-partial disability benefits along with future reasonable and necessary medical benefits. Employee subsequently filed a petition for benefit determination stating that she had been discharged by her treating physician, and Employer was refusing to provide additional medical treatment. Following a hearing, the trial court ordered Employer to provide Employee with a new panel of physicians qualified and willing to treat her work-related injury. The Workers' Compensation Appeals Board ("Appeals Board") affirmed. Employer has appealed and the appeal has been referred to the Special Workers' Compensation Appeals Panel pursuant to Tennessee Supreme Court Rule 51. We affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) Appeal as of Right;
Decision of the Workers' Compensation Appeals Board Affirmed**

ROY B. MORGAN, SR. J., delivered the opinion of the court, in which DWIGHT E. TARWATER, J., and W. MARK WARD, SR. J., joined.

Gregory Fuller and Tiffany Sherrill, Brentwood, Tennessee, for the appellant, Lowe's Home Centers, LLC.

Belinda LeMaire, LaVergne, Tennessee, appellee, pro se.

# OPINION

Employee was injured at work on July 10, 2020, when a load of shelving fell on her right foot. Employer accepted the injury as compensable and authorized medical care. The parties disputed Employee's permanent impairment rating, and Employee also sought to replace her treating physician. The case proceeded to a compensation hearing after which the trial court entered a compensation order on June 20, 2023. The trial court awarded permanent partial disability benefits based on a twenty-percent impairment rating, along with future reasonable and necessary medical benefits. The trial court further determined that a change in treating physician was not warranted. Employer filed a notice of appeal but subsequently withdrew the appeal.

On January 16, 2024, Employee filed a petition for benefit determination stating that her treating physician had discharged her from his care, and Employer was refusing to provide medical treatment with another physician. In response, Employer argued that Employee was not entitled to a new panel of physicians or further medical benefits because she had not been compliant with her medical treatment and had refused treatment.

A compensation hearing was held on August 28, 2024. The trial court entered a compensation order on September 9, 2024, ordering Employer to provide Employee with a panel of physicians qualified and willing to treat Employee's injury. Employer appealed and the Appeals Board affirmed, certifying the trial court's order as final.

In the present appeal, Employer argues that the trial court erred in ordering Employer to provide Employee with a new panel of physicians because: (1) Employee failed to prove additional medical treatment was medically necessary; (2) Employee refused to allow her last two authorized treating physicians to evaluate her to determine whether additional treatment was medically necessary; and (3) Employee's misconduct warranted permanent suspension of medical benefits. Upon due consideration, we affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix. Costs of this appeal are taxed to Lowe's Home Centers, LLC, for which execution may issue.

ROY B. MORGAN, SENIOR JUDGE

2

APPENDIX

## (OPINION OF THE WORKERS' COMPENSATION
## APPEALS BOARD)

**Factual and Procedural Background**

Belinda LeMaire ("Employee") suffered a work-related injury on July 10, 2020, while working at Lowe's Home Centers, LLC ("Employer"), when a load of shelving fell on her right foot. Following treatment with Dr. Matthew Neauhaus, a podiatrist, Employee was referred to pain management, and Employer provided a panel. Employee selected Dr. Jeffrey Hazlewood, who ultimately diagnosed Employee with complex regional pain syndrome ("CRPS") of the right lower extremity. Dr. Hazlewood placed Employee at maximum medical improvement in August 2021 and assigned a four percent impairment rating to the body pursuant to the American Medical Association's Guides to the Evaluation of Permanent Medical Impairment. Employer continued to authorize medical care with Dr. Hazlewood, although Employee declined his additional treatment recommendations. Thereafter, Employee obtained a medical opinion and Standard Form Medical Report ("Form C-32") from Dr. H. James Weisman, Jr., an orthopedist, who assigned a rating of twenty percent for Employee's CRPS.

At the June 6, 2023 compensation hearing, Employee requested permanent disability benefits and a new panel of physicians. Following the hearing, the court issued an order determining Employee's expert medical proof had rebutted the statutory presumption that Dr. Hazlewood's assessment of permanent impairment was correct. The court ordered Employer to pay permanent partial disability benefits based on the twenty percent rating assigned by Dr. Weisman. The trial court did not award any further permanent disability benefits, determining Employee had been terminated for cause, which disqualified her for an award of increased benefits under Tennessee Code Annotated section 50-6-207(3)(D). Finally, the trial court denied Employee's request for a new panel, stating that although Employee had declined Dr. Hazlewood's current treatment recommendations, Dr. Hazlewood was "able, available, and agreeable" to continue treating Employee. Employer appealed that order, but ultimately withdrew its own appeal.

Following the issuance of the trial court's compensation order, Employee returned to Dr. Hazlewood on one occasion, December 18, 2023. Dr. Hazlewood later testified that, during the December 18 visit, Employee "attack[ed] [his] integrity throughout the whole visit." Employee also showed Dr. Hazlewood a picture of Jesus Christ and stated that "[He

3

would be] the only one that has a chance to heal her." Thereafter, Dr. Hazlewood left the room and asked his nurse practitioner to examine Employee's leg, which Employee declined to allow. Dr. Hazlewood testified that Employee expressed a "distrust" of any doctor who had treated her following her work injury. As a result of that visit, he determined that he could not continue to maintain a doctor-patient relationship with Employee and issued a letter discharging her from his practice that day, which Employee refused to sign.

Employee then filed a "Request to Resume Mediation" dated March 7, 2024, in which she sought additional medical benefits and a new panel of physicians. A hearing on Employee's request for medical treatment was held in August 2024. Employer contended Employee was no longer entitled to medical benefits based on her behavior at the appointment in December 2023, which it believed amounted to Employee's refusal to accept the medical benefits Employer furnished to her. The trial court determined that Employee was entitled to a new panel as her previous authorized treating physician declined to treat her after the December 2023 visit. Employer has appealed.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). In circumstances where there is no witness testimony, "[n]o . . . deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SCR3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes, rules, and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

Employer raises three issues on appeal, which we have restated as follows: (1) whether the trial court erred in determining Employee met her burden of proving that additional medical treatment was reasonable and necessary; (2) whether the trial court erred in ordering a new panel when Employee refused to accept medical care from her authorized treating physician; and (3) whether Employee's conduct at her final appointment with Dr. Hazlewood warranted termination of her right to future medical

4

benefits. In response, Employee denies any "misconduct" and requests we affirm the order of the trial court.

*Burden of Proof*

Employer argues Employee did not meet her burden of establishing that future medical treatment is reasonably necessary based on Dr. Hazlewood's testimony that he does not "think there is anything else we can do" regarding further medical treatment. Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that an employer shall furnish medical treatment to an injured worker that is "made reasonably necessary by accident." Moreover, we have addressed this language previously:

> Unless a court terminates an employee's entitlement to medical benefits, or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury in accordance with [the statute].

*Limberakis v. Pro-Tech Security, Inc.*, No. 2016-08-1288, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017).

In support of its argument, Employer relies on our opinion in *Petty v. Convention Production Rigging*, No. 2016-06-0841, 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *13 (Tenn. Workers' Comp. App. Bd. Dec. 29, 2016). *Petty* involved an interlocutory appeal of a trial's court's denial of specific medical treatment for labral tears and other alleged injuries. Relevant to the issue on appeal in this case, the authorized physician in *Petty* did not believe the labral tears or other claimed injuries were related to the work injury, opining that they were an incidental finding and, furthermore, that surgery to repair the tears would not be beneficial. *Id.* at *11-12. The trial court accepted the treating physician's testimony and denied that treatment and treatment for the other alleged injuries. *Id.* at *13. We upheld that determination on appeal. *Id.* at *26.

We conclude that Employer's reliance on *Petty* is misplaced. First, the two cases were in different procedural postures on appeal. In *Petty*, the case came to us as an interlocutory appeal that hinged on questions of medical causation before any final judgment had been rendered by the trial court. Here, however, the trial court has previously issued a judgment finding Employee's claim compensable and awarding Employee all reasonable and necessary future medical benefits causally related to the work injury. Second, the issue in *Petty* primarily centered on the cause of the need for specific treatment

5

recommended by an unauthorized physician. Here, Employee is requesting a panel of physicians for continued medical treatment under the terms of a final judgment after the authorized physician declined to see her anymore. As such, we conclude that the appeal before us more closely aligns with *Limberakis, supra*, and *Lee v. Federal Express Corp.*, No. 2020-08-0214, 2022 TN Wrk. Comp. App. Bd. LEXIS 29, at *2 (Tenn. Workers' Comp. App. Bd. July 5, 2022).

In *Lee*, the employee suffered an injury to her low back and neck, which the employer accepted as compensable. *Id.* at *2. Her authorized treating physician released her at maximum medical improvement with no impairment and opined she needed no future medical treatment. *Id.* at *3-4. Following a hearing, a compensation order was entered denying temporary and permanent disability benefits but awarding future reasonable and necessary medical benefits with her authorized treating physician. *Id.* at *4. The employee then requested to return to the authorized treating physician, which the employer denied, as the physician had previously stated there was no further medical treatment needed. *Id.* The trial court ordered the employer to authorize an appointment, and the employer appealed. *Id.* at *11-12. We affirmed that decision on appeal, reasoning that the trial court's order finding the injury to be compensable coupled with the employee's ongoing complaints of pain were sufficient for the trial court to order the employer to authorize an appointment. *Id.* at *11. Furthermore, as is the case here, *Lee* involved a request for general medical treatment of a compensable injury rather than a request for specific medical treatment requiring evidence of causation, reasonableness, and necessity. *See also Limberakis*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *9-10 ("[T]his case does not present a dispute over any particular medical treatment that would trigger [the employee's] duty to present evidence of the reasonableness and necessity of such treatment. Instead, it is an interlocutory dispute over whether an employee with a compensable claim is entitled to an authorized treating physician who will agree to see the employee.").

*Employee's Declination of Medical Treatment*

Employer next contends that Employee's refusal to accept the medical treatment offered by both Dr. Hazlewood and Dr. Neauhaus amounts to noncompliance with treatment and should serve to bar Employee's request for another panel of physicians. It relies on Tennessee Code Annotated 50-6-204(3)(A)(i), which states that "[t]he injured employee shall accept the benefits afforded under this section . . . ." Although Employer admits nothing in the law requires Employee to undergo optional medical treatment recommended by an authorized treating physician, it submits that her request for a new panel of physicians is essentially a request for a second opinion to which she is not entitled.

6

We conclude Employer's position is untenable given that Dr. Hazlewood both issued a discharge letter to Employee and later testified at his deposition he would not see her again. In regard to Dr. Neauhaus, he referred Employee to pain management well before the initial compensation hearing, prompting her selection of Dr. Hazlewood from a panel, and there is nothing in the record to indicate whether Dr. Neauhaus is willing to see Employee again. However, the record is clear that Dr. Hazlewood believes any doctor-patient relationship is beyond repair. In short, there is no evidence in the record to support a finding that Employee has refused to accept the medical benefits Employer is obligated to provide under the terms of the court's prior judgment.

As Employer admitted, an injured employee is not obligated to accept all treatment offered by a treating physician, and benefits will not be suspended if the employee's refusal to undergo any particular treatment is reasonable. *Patterson v. Premier Med. Group P.C.*, No. M2001-01380-WC-R3-CV, 2002 Tenn. LEXIS 268, at *4-5 (Tenn. Workers' Comp. Panel June 3, 2002). As there are no current treatment recommendations, there is no basis for terminating Employee's right to future medical benefits under the terms of the court's prior judgment.

*Employee's Conduct with Physicians*

Finally, Employer asserts that Employee's behavior at her last appointment with Dr. Hazlewood justifies the termination of her right to future medical benefits. In support of its position, Employer notes Employee's prior behavior during appointments with Dr. Neauhaus and her accusations that he injured her when beginning his initial exam. It also relies on her statements made directly to Dr. Hazlewood, both at her final appointment and during his second deposition. However, Employer provides no binding authority supporting the termination of future medical benefits in these circumstances, and we can find none. Instead, Employer relied on cases from Virginia and South Carolina to support its contention that a permanent suspension of medical benefits would be justified in this case. We did not find these cases to be relevant or persuasive.[1]

---

[1] After locating and reviewing these cases from other jurisdictions, which were not attached to Employer's brief, we conclude they are inapplicable to this case, unpersuasive, and do not support Employer's position. In *Patterson v. Wells Fargo Bank*, Claim Administrator File No. VA02000027167, 2023 VA Wrk. Comp. LEXIS 307 (VA Workers' Comp. Comm'n Dec. 11, 2023), the Virginia Workers' Compensation Commission based its decision to terminate *indemnity* benefits on a *specific* Virginia statute allowing the employer to do so because the employee had declined to undergo certain testing. Yet, Employer points to no analogous statute in Tennessee. In *Joyner v. Town of St. Stephens*, W.C.C. File No. 9044714, 2011 SC Wrk. Comp. LEXIS 224 (SC Workers' Comp. Comm'n Feb. 11, 2011), the South Carolina Workers'

As discussed by the trial court, we previously dealt with a similar issue in *Newell v. Metro Carpets, LLC*, No. 2015-05-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 57 (Tenn. Workers' Comp. App. Bd. Sept. 28, 2016). In *Newell*, the employee posted derogatory comments about his treating physician on social media, causing the physician to discharge him from treatment. *Id.* at *2. The trial court ordered the employer to replace that physician on the panel or to provide a new panel, and the employer appealed. We affirmed, stating "there is no evidence that [the employee] refused to comply with any reasonable request for examination; nor is there evidence that [the employee] refused to accept the medical or specialized services [the employer] was required to furnish." *Id.* at *6. Similarly, in this case, Employee attended an appointment with Dr. Hazlewood, which had been scheduled by Employer, and Dr. Hazlewood elected to end the appointment based on what he perceived to be inappropriate conduct on Employee's part. That is his prerogative. Although Dr. Hazlewood's decision to end the doctor-patient relationship may have been reasonable under the circumstances, it does not preclude Employee from receiving reasonable and necessary medical benefits causally related to the work injury to which she is entitled pursuant to the terms of a final judgment. Moreover, even if Employee's behavior results in difficulties locating a qualified physician willing to treat her, we conclude it does not amount to a refusal to accept medical treatment as contemplated by Tennessee Code Annotated section 50-6- 204(3)(A)(i).[2] As such, we find no error in the court's order for Employer to provide a panel of three qualified physicians willing to treat Employee's work-related injuries.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employer.

---

Compensation Commission permitted the termination of medical benefits due to the employee's multiple positive tests for cocaine use while in pain management. *Joyner*, 2011 SC Wrk. Comp. LEXIS 224, at *10-11. Although Tennessee does have a similar statute addressing the termination of pain management treatment in light of positive drug screenings, *see* Tennessee Code Annotated section 50-6-204(j), there is no evidence in the record to suggest that any requirements of that statute have been met in this case.

[2] We would caution, however, that an employee cannot mistreat doctors or their staffs, repeatedly make derogatory comments to or about medical providers, or engage in other abusive behaviors without consequence. As we have noted previously, both employers *and* employees have rights and obligations with respect to the provision of medical benefits under Tennessee Code Annotated section 50-6-204(a)(1). *See, e.g., Acevedo v. Crown Paving*, No. 2021-06-1453, 2023 TN Wrk. Comp. App. Bd. LEXIS 7, at *8-9 (Tenn. Workers' Comp. App. Bd. Jan. 27, 2023). Abusive conduct may hinder the provision of authorized medical care. In appropriate circumstances, a court could deem such conduct medical noncompliance as provided in Tennessee Code Annotated section 50-6-204(d)(7).

8